United States Bankruptcy Court
Southern District of Texas

**ENTERED**
December 13, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34179 |
| GODFREY JAMES JOHNSON, JR., | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S AMENDED MOTION TO IMPOSE STAY

Godfrey James Johnson, Jr. ("Johnson"), filed this chapter 13 case on October 31, 2023. ECF No. 1. This is Johnson's fourth chapter 13 case. *See* ECF No. 28 (Case Nos. 23-30135, 23-31074, and 23-33161). Pursuant to 11 U.S.C. § 362(c)(4), no automatic stay arose on the filing of this case. Johnson filed his motion to impose the automatic stay on December 1, 2023. ECF No. 28. Under 11 U.S.C. § 362(c)(4), the Court may order the stay to take effect "after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]"

At the motion hearing on December 11, 2023, the Court heard Johnson's testimony that he had approximately $3,000 saved to pay federal income taxes. Johnson testified that the approximately $3,000 is split between two accounts. The Court noted Johnson's Schedule B only lists one account, a Chase checking account containing $0.00. ECF No. 1 at 4.

The Court required Johnson to file two printouts for each bank account. The printouts were to show how much money was in each account on the petition date, October 31, 2023, for the purpose of verifying whether any property was not disclosed on Johnson's petition schedules. The printouts were to also show whether there was approximately $3,000 between the accounts during the December 11, hearing for the purpose of verifying Johnson's testimony. Johnson filed the two printouts on December 12. ECF No. 31 and 31-1.

The first printout, located at ECF No. 31, is a deposit account balance summary dated December 11, 2023. It appears to summarize an account held by

"Godfrey Johnson" as the "Sole Owner" and "Godfrey James Johnson" as the "Signer" ("Johnson Account"). ECF No. 31 at 1. The second printout, located at ECF No. 31-1, is also a deposit account balance summary dated December 11. It appears to summarize an account held by "Bread Winner Brokerage and Logistics Inc" as "Sole Owner," "Contenia M Manning" as "Signer" and "Godfrey James Johnson" as "Signer" ("Bread Winner Account"). ECF No. 31-1 at 1.

The first question is how much money was in each account on the petition date, October 31, 2023. According to the Johnson Account, the account balance at the end of the day on October 31 was negative $14.36. ECF No. 31 at 2. According to the Bread Winner Account, the account balance at the end of the day on October 31 was $1,735.05. ECF No. 31-1 at 2.

The second question is whether Johnson testified truthfully that there was approximately $3,000 between his accounts during the December 11 hearing. According to the Johnson Account, the balance on December 11 was $1,776.15. ECF No. 31-1 at 1. According to the Bread Winner Account, the balance on December 11 was $1,720.05. ECF No. 31 at 1.

The Court finds this case was not filed in good faith under 11 U.S.C. § 362(c)(4) as to the creditors to be stayed. Johnson testified on December 11 that there was approximately $3,000 between his two accounts. The record reflects that Johnson does not own the Bread Winner account. His schedules, filed under penalty of perjury, show that he owns no interest in any corporation. Based on the record, Johnson did not have the $3,000 in his accounts on December 11, 2023.

The Court recognizes that the schedules may be inaccurate. But the schedules were signed by Johnson under penalty of perjury. If he does own Bread Winner, his schedule B is false. The presence of a materially false schedule B, signed under penalty of perjury, would preclude a good faith finding.

The amended motion to impose the automatic stay is denied.

SIGNED 12/12/2023

_____
Marvin Isgur
United States Bankruptcy Judge